# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DANIEL HUMAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br> vs.<br><br>BMW (U.S.) HOLDING CORP. d/b/a BMW of West St. Louis<br>14417 Manchester Rd.<br>Manchester, MO 63011; and<br><br>John and Jane Does 1 through 4 BMW (U.S.) HOLDING CORP. d/b/a BMW of West St. Louis<br>14417 Manchester Rd.<br>Manchester, MO 63011,<br><br>    Defendants. | Case No. 4:23-cv-1577<br><br>Removed from the Circuit Court of St. Louis County, Missouri (Cause No.: 23SL-CC04824) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1367, Defendant BMW (U.S.) Holding Corp. ("BMW") removes to this Court the state court action styled *Daniel Human, individually and on behalf of all others similarly situated v. BMW (U.S.) Holding Corp. d/b/a BMW of West St. Louis 14417 Manchester Rd. Manchester, MO 63011; and John and Jane Does 1 through 4 BMW (U.S.) Holding Corp. d/b/a BMW of West St. Louis 14417 Manchester Rd. Manchester, MO 63011*, Case No. 23 SL-CC04824 (the "State Court Action"). The grounds for removal are as follows:

  **I. The State Court Action**

The State Court Action is a civil case filed by Plaintiff on November 8, 2023, asserting three causes of action on Plaintiff's own behalf, and members of three putative classes. Specifically, Plaintiff alleges that Defendants violated the Telephone Consumer Protection Act of

1991 ("TCPA"), which is codified at 47 U.S.C. § 227 *et. seq.*, and the Missouri No Call List and Telemarketing laws found in Mo. Rev. Stat. §§ 407.1098.1 and 407.1076. The State Court Action also included a demand for a jury trial. BMW was served with the State Court Action on November 10, 2023.

## II.     Documents from the State Court Action

Under 28 U.S.C. § 1446(a), BMW includes as Exhibit 1 a true and correct copy of all process, pleadings, and other orders served on it in the State Court Action, which consist of the following documents:

> **Exhibit 1:**   Copies of the Certificates of Service, Notices of Service of Process, Summonses, Motion for Special Process Server, and Plaintiff's Class Action Petition.

## III.    Removal is Timely

This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was filed within 30 days of service of the Complaint. Specifically, the Complaint was served on BMW on November 10, 2023. Therefore, 30 days thereafter is December 10, 2023.

## IV.     Consent to Removal

Jane and John Does 1 through 4, the unidentified defendants, have not been properly joined and served in this action, and thus their consent is not necessary for removal.[1] *See* 28 U.S.C. § 1446(b)(2)(a). Purported service was made on the John and Jane Does through *BMW's registered agent*, which did not properly join and serve them. *Steele v. Am. Honda Motor Co., Inc.*, 413 F. Supp. 3d 678, 681 (E.D. Mich. 2019) (John Does are not parties to the suit until properly added).

---

[1] Plaintiff styled the Jane and John Does in the State Court Action as "John and Jane Does 1 through 4 BMW (U.S.) Holding Corp. d/b/a BMW of West St. Louis 14417 Manchester Rd. Manchester, MO 63011." No entity under that name exists. In any event, service upon BMW's registered agent on their behalf is improper because there is no evidence to suggest BMW's registered is authorized to accept service for them.

In any event, BMW has no reason to believe that any of the unidentified defendants (John and Jane Does 1 through 4) would not join in this removal.

### V.     The Venue Requirement is Satisfied

The venue requirement is met under 28 U.S.C. § 1446(a) because this Court is the United States District Court for the district and division encompassing the location where the State Court Action has been pending.

### VI.    Jurisdiction

This Court has original jurisdiction over this civil action under federal question jurisdiction and supplemental jurisdiction over the state law claims.

Federal Question Jurisdiction

Under U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Further, 28 U.S.C. § 1441(b) provides that any civil action for which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. The TCPA is a federal statutory scheme that was enacted by Congress, which courts have held confers federal question jurisdiction. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 387 (2012). In addition, Plaintiff's prior suits under the TCPA (based a similar complaint) have been removed from the St. Louis County Circuit Court to this Court.[2]

---

[2] *See Daniel Human v. Benepath Inc., et al.,* 23SL-CC02032 (Removed to the Eastern District of Missouri); *See Daniel Human v. SelectQuote, Inc., et al,* 23SL-CC02138 (Removed to the Eastern District of Missouri); *See Daniel Human v. Call Trader d/b/a The Heal et al,* 23SL-CC02139 (Removed to the Eastern District of Missouri); *See Daniel Human v. Broker Solutions Inc.,* 23SL-CC03724(Removed to the Eastern District of Missouri).

Supplemental Question Jurisdiction

Under 28 U.S.C. § 1367(a), this Court also has supplemental jurisdiction over Plaintiff's claims for alleged violations of state law. Indeed, 28 U.S.C. § 1367(a) provides courts with supplemental jurisdiction "over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Here, to the extent Plaintiff brings claims under for violations of Missouri state law, those claims are based on the same allegations that form the basis for the purported violations of the TCPA that arise out of federal law. As a result, supplemental jurisdiction over the state law claims is proper.

**VII.   Non-Waiver of Defenses**

By removing this Action, BMW does not waive any available defenses and does not admit any allegations made in Plaintiff's Complaint.

**VIII.   Filing and Service of Removal Papers**

Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of the State Court Action will be given to Plaintiff and a Notice to Clerk of Filing of Notice of Removal will be filed in the State Court Action.

This action is not an action described in 28 U.S.C. § 1445.

**WHEREFORE**, BMW removes the above-captioned State Court Action from the St. Louis County Circuit Court, Missouri to this Court.

Dated:  December 8, 2023	Respectfully submitted:

**BERKOWITZ OLIVER LLP**

By: */s/ Stephen M. Bledsoe*
    Stephen M. Bledsoe #47048
    2600 Grand Boulevard, Suite 1200
    Kansas City, Missouri 64108
    Telephone:   (816) 561-7007
    Facsimile:    (816) 561-1888
    sbledsoe@berkowitzoliver.com

*Attorney for Defendant BMW (U.S.) Holding Corp.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 8, 2023, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system.  I hereby certify that I have also caused to be mailed by United States Postal Service the foregoing document to the following:

      James Marks
      Willcraft Legal Services
      25 East Frisco Ave., Suite 200
      St. Louis, Missouri 63119
      Telephone:  (314) 968-3700
      jmarks@willcraftlegal.com

      ***Attorney for Plaintiff***

      */s/ Stephen M. Bledsoe*
      ***Attorney for Defendant BMW (U.S.) Holdings Corp.***