UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL HUMAN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>PRIORITY AUTOMOTIVE, INC., d/b/a BMW of West St. Louis, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)   No. 4:23-CV-1577 RLW<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court on review of the file. On December 14, 2023, Plaintiff Daniel Human filed an Amended Complaint bringing claims against Priority Automotive, Inc., b/b/a BMW of West St. Louis ("Priority Automotive") and "John and Jane Does 1 through 4" (the "Doe Defendants"). Plaintiff alleges Priority Automotive and the Doe Defendants made unwanted telephone calls to his cellular telephone number and thereby violated Missouri's No Call List, Mo. Rev. Stat. §§ 407.1076 and 407.1098, and the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, et seq.

In his Amended Complaint, Plaintiff describes the Doe Defendants as follows:

> Defendants John Does 1 through 4 are telemarketers, vendors, agents, call center employees/supervisors for [Priority Automotive] and are directly and personally responsible for following the unlawful policies, practices, and procedures of Defendant's [Priority Automotive], and make unsolicited telemarketing calls and texts to persons listed on the Registries without express written consent on behalf of [Priority Automotive], just as they did with the Plaintiff.

(ECF No. 7 at 4).

In general, a plaintiff may not bring claims against a fictitious party, "but 'an action may proceed against a party whose name is unknown if the complaint makes allegations specific

enough to permit the identity of the party to be ascertained after reasonable discovery.'" Perez v. Does 1-10, 931 F.3d 641, 646 (8th Cir. 2019) (quoting Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995)).   The Court has reviewed the allegations against the Doe Defendants and finds the Amended Complaint does not sufficiently allege who the Doe Defendants are, what their positions were, or "other facts that would permit the Doe Defendants to be noticed or identified through discovery." 931 F.3d 641, 646.   Plaintiff describes the Doe Defendants as telemarketers, vendors, agents, call center employees and/ or supervisors who called him on unspecified dates and times. Plaintiff fails to make allegations that are adequately specific to allow identification of these defendants and, therefore, dismissal without prejudice is appropriate.   See Perez, 931 F.3d at 646.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Daniel Human's claims against John and Jane Does 1 through 4 are **DISMISSED** without prejudice.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   2nd   day of February, 2024.

2